IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORNELIUS PATTERSON,

                           Plaintiff,                     Case No. 3:04 CV 7019

        -vs-

                                                   <u>MEMORANDUM   OPINION</u>

UNITED STEELWORKERS OF
AMERICA, LOCAL NO. 9, AFL-CIO, CLC,

                           Defendant.

KATZ, J.

Before the Court is the Defendant United Steelworkers of America, Local No. 9, AFL-CIO, CLC's ("Union or defendant") motion for fees and costs in this action. (Doc. No. 61). For the reasons hereinafter stated that motion will be denied as will be the motion to assess attorney's fees and costs against Plaintiff's counsel.

**BACKGROUND**

The Plaintiff filed this action in January 2004 alleging violations under Title VII and Ohio state law. The gravamen of the Plaintiff's allegations included the failure of the Union to file grievances challenging breaches of the Collective Bargaining Agreement by Plaintiff's employer, Pilkington Industries, based upon Plaintiff's race, African-American. Plaintiff had been employed by Pilkington since 1972 and was a member of the Defendant Union. Plaintiff did not sue his employer, nor had he been fired or disciplined by that employer. Defendant denied all allegations. On December 16, 2004,

this Court granted the Defendant's motion to dismiss, but granted Plaintiff thirty days to file an amended

complaint, which he did, in fact, file on January 17, 2005.  On June 30, 2005 this Court granted the

Defendant Union's motion for summary judgment as to both the Title VII and Ohio state claims.  Based

upon this record, Defendant asserts that it is entitled to reasonable attorneys' fees and costs under Title

VII as a prevailing party and that the Plaintiff's attorney should be held liable under 28 U.S.C. § 1927 for

filing and/or pursuing a meritless civil rights case against this Defendant.  Plaintiff has opposed the

Defendant's motion and Defendant has filed a reply.  It is against this backdrop that the Court must

consider the granting or denial of attorneys's fees and costs to Defendant Union and imposition of

sanction against Plaintiff's attorney..

## DISCUSSION

*I. Liability of Plaintiff, Cornelius Patterson*

The touchstone in the Court's consideration as to the merits of this motion begins with 42

U.S.C.A. § 1988, which controls the award of attorneys fees in this civil rights action.  The seminal case

considering Section 706(k) of Title VII of the Civil Rights Act of 1964 is *Christiansburg Garment co.*

*v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed2d 648 (1978).  In that case the Supreme Court

considered the plain meaning of the statute, which authorizes the award of attorneys' fees to the

prevailing party in a Title VII case.  Justice Stewart articulated the position of a unanimous Supreme

Court:

> The terms of § 706(k) provide no indication whatever of the circumstances under which
> either a plaintiff *or* a defendant should be entitled to attorney's fees.  And a moment's
> reflection reveals that there are at least two strong equitable considerations counseling an
> attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of
> a prevailing Title VII defendant.

First, as emphasized forcefully in *Piggie Park,* the plaintiff is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'  Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law.  As the Court of Appeals clearly perceived, "these policy considerations which support the award of attorneys' fees to a prevailing plaintiff are not present in the case of a prevailing defendant.  A successful defendant seeking counsel fees under § 706(k) must rely on quite different equitable considerations.

*Id*. pp. 418-419, 98 S.Ct. At 699. (Citations omitted.)(Emphasis in original.)

In determining the standard or guidelines to be followed in considering the award of attorneys' fees for prevailing defendants, the Court cited with approval two United States Court of Appeals cases. *Carrion v. Yeshiva University,* 535 F.2d 722 (2nd  Cir. 1976); *United States Steel Corp. v. United States,* 519 F.2d 359 (3rd Cir. 1975).  In *United States Steel*, the Third Circuit  concluded that the district court was correct in denying a fee award to a defendant who had prevailed in a civil rights case, noting that the commission's action had not been "unfounded, meritless, frivolous or vexatiously brought". *Id.* At 363. The *Christiansburg* Court noted a similar approach by the Second Circuit in *Carrion*: "In upholding an attorneys' fee award to a successful defendant, that court stated that such awards should be permitted 'not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" 434 U.S. at 421, 98 S.Ct. at 700.

Justice Stewart concluded as to that point:

. . .We would qualify their words only by pointing out that the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."

*Id*.

Most recently, the Sixth Circuit Court of Appeals followed closely the *Christiansburg Garment Co.* case in *Riddle v. Egensperger,* 266 F.3d 542 ( 6th Cir. 2001). In reversing the district court's award of attorneys' fees to the defendants after their summary judgment motion was successful, the Court of Appeals noted that the district court had not made a specific finding that the claims were "groundless at the outset" nor a finding that the plaintiffs continued to litigate after it "clearly" became so. *Id.* at 550. In a concurring opinion Judge Clay cited with favor *Christiansburg Garment Co.* and its holding that:

> [a] prevailing civil rights plaintiff is presumptively entitled to reasonable attorneys' fees unless a showing of 'special circumstances' is made. These policy reasons include Congress' concern for the vigorous enforcement of civil rights and the role of plaintiffs in achieving this enforcement. Because policy considerations such as these are absent in the case of the prevailing civil rights defendant, attorney's fees are presumptively unavailable, where such fees are awarded only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation'. . . .

*Id.* At 557. While Judge Clay found much to question in the filing of the plaintiff's action, he held:

> [i]t is not only Riddle's actions leading to the filing of this lawsuit that are at issue; rather, it is also Defendants' actions that are at issue and whether Plaintiff could have reasonably believed that these actions provided a foundation for relief. Because I find that the record provides Plaintiffs with reasonable grounds for bringing these claims, I therefore conclude that Defendants are not entitled to attorneys' fees.

*Id.*

In explaining the reason for this standard in Title VII cases Judge Clay cited *Roone v. City of Mansfield*, 98-4560, 2000 WL 1276745 at *1 (6th Cir. Aug. 28, 2000):

> . . . [a]warding attorney's fees to prevailing defendants in civil rights actions in only the most extreme and egregious cases of misconduct, yet awarding attorney['s] fees to prevailing civil rights plaintiffs on a regular basis under § 1988, comports with the

4

purpose of § 1983 as a vehicle for enforcement of civil rights and prevents defendants - who often times are in a superior position simply by virtue of being able to afford top legal counsel - from using a heavy hand to prevent plaintiffs with potentially meritorious claims from pursuing those claims.

*Id.*

In the context of the current matter, it is clear that just because a plaintiff in a civil rights case loses on summary judgment does not mean that the case was frivolous or brought in violation of the standard quoted above.  It is possible, even probable, that a plaintiff had well founded beliefs of being wronged, but was unable to sustain the burden required at law to sustain his position and avoid an adverse result on a motion for summary judgment.  Such is the case here.  The actions taken on behalf of Patterson in this case show a pattern which could be deemed to represent deeply held resentment to the situation in which this African-American found himself.  However, the facts presented to this Court were incapable of creating a viable Title VII case.  The Court will not recite the litany set forth in the Defendant's assertions of misconduct by the Plaintiff; suffice to say that in the opinion of this Court the Plaintiff's actions do not fit the mold articulated by the United States Supreme Court and the Sixth Circuit Court of Appeals in the cases discussed above.  The Defendant's motion for assessment of legal fees and costs against the Plaintiff will be denied.

*II. Award of Sanctions Against Plaintiff's Attorney*

Defendant USWA seeks sanctions against Thomas A. Sobecki, Plaintiff's attorney in this case. The standard for awarding costs against an attorney is found in 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

5

The *Riddle* case also considered the award of sanctions against plaintiffs' counsel.  Judge Clay summarized his conclusions by stating:

> similarly, because I do not believe that plaintiffs' counsel intentionally pursued meritless claims, I agree with Judge Hood that the district court abused its discretion in awarding defendants' fees under 28 U.S.C. § 1927.  I perceive the actions of plaintiffs' counsel here to be consistent with normal vigorous advocacy exhibited by a plaintiffs' counsel in the rightness of his cause, however wrong he ultimately may be.

*Id.* At 558.

It is unnecessary for this Court to cite a plethora of cases interpreting § 1927 and its application. The Court is well aware of the record cited by defense counsel with respect to attorney Sobecki's cases as to which motions for summary judgment have been granted. Suffice to say that this Court's experience with Mr. Sobecki is that he vigorously represents his clients and that, in the main, those clients have deeply held convictions of being wronged, even though those convictions ultimately cannot withstand the tests required by law and are disposed of on motions for summary judgment.  Vigorous representation of a client cannot be permitted to rise to the level of being unreasonable or vexatious without a clear showing that, after becoming aware of the lack of merit of a client's cause, the attorney *thereafter* multiplies the proceedings.  In this case the Court finds an analysis of the record fails to reveal such conduct.  Merely resisting the defendant's requests to dismiss the action does not justify a conclusion that plaintiff's counsel has been shown that his client's cause is legally defective and thereafter he pursued that cause and multiplied the proceedings.

For the foregoing reasons, sanctions against the plaintiff's attorney will be denied.

**CONCLUSION**

6

The Court concludes that defendant's motion for the award of attorneys' fees against the plaintiff and sanctions against the plaintiff (Doc. No. 61) will be denied.

IT IS SO ORDERED.

        s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE